IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10109
Conference Calendar

NOE VILLALPANDO

Plaintiff-Appellant

v.

ECKERD'S #3267

Defendant-Third Party Plaintiff-Appellee

v.

QUALEX INC

Third Party Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2132

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Noe Villalpando moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of Villalpando's negligence suit. The district court dismissed the suit for want of prosecution because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villalpando failed to appear at the settlement conference and show-cause hearing.

Villalpando's motion for IFP fails to address the district court's rationale for dismissing the suit. Although we liberally construe pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to discuss the district court's rationale for dismissing his complaint, Villalpando has abandoned the issue, and it is the same as if he had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Villalpando has failed to demonstrate that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied. See FED. R. APP. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). This appeal is without merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.